Case 1:21-cv-00881-RP   Document 3   Filed 10/01/21   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JEFFREY MOATS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-cv-00377 |
| § | |
| NATIONAL CREDIT UNION § | |
| ADMINISTRATION BOARD, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Petitioner's Motion to Return Property Pursuant to Fed. R. Crim. P. 41(g) and Equitable Authority."[1]

In 1995, Plaintiff Jeffrey Moats became the President and CEO of Edinburg Teachers Credit Union in Edinburg, Texas.[2] He served in that position until March 26, 2021.[3]

> On March 26, 2021, the National Credit Union Administration Board ("NCUAB") was appointed as conservator of the [Edinburg Teachers] Credit Union by the Texas Credit Union Department. The NCUAB is the board of the National Credit Union Association, a federal agency with authority to step in as conservator of credit unions that are in danger of failing. That same day, Moats's employment contract was terminated.[4]

When the NCUAB agents arrived at Plaintiff's workplace, they ordered Plaintiff out of his office and out of the building without any opportunity to retrieve any of his personal belongings,[5]

---

[1] Dkt. No. 1.
[2] Dkt. No. 1-1 at 1, ¶ 3.
[3] *Id.*
[4] *Moats v. Edinburg Teachers Credit Union*, No. 1:21-cv-00496-JRN, Dkt. No. 22 at 1 (W.D. Tex. Aug. 30, 2021) (Yeakel, J.). See *Resol. Tr. Corp. v. Walde*, 18 F.3d 943, 944 (D.C. Cir. 1994) for a discussion of the background of the statutory scheme that appears to authorize the NCUAB's actions.
[5] Dkt. No. 1-1 at 1, ¶ 6.

including certain artwork.[6] Since March 26th, Defendant NCUAB has allegedly "failed and refused to return the property [or] to initiate forfeiture proceedings."[7]

Plaintiff commenced this case by filing the instant motion for a return of his property under Federal Rule of Criminal Procedure 41(g).[8] Plaintiff asserts only one basis for federal court jurisdiction: Rule 41(g).[9] "Although a Rule 41(g) motion is generally available in the context of an ongoing criminal proceeding, the court can properly construe it as a civil complaint under the court's general equity jurisdiction."[10] However, there are limits to this equity jurisdiction. "The applicability of equitable principles is the same whether the present action is viewed as one brought under [Rule 41(g)], or as one premised on the equity jurisdiction of the District Court. In either event the theoretical basis of jurisdiction to order pre-indictment return or suppression is grounded in the court's supervisory power over its officers."[11] In short, the Fifth Circuit has instructed this Court to exercise this equitable (sometimes called "anomalous") jurisdiction with caution and restraint.[12] When the "Hunsucker criteria are absent," the district court should refuse to exercise its equitable jurisdiction.[13] The *Hunsucker* criteria are as follows:

> First, and perhaps foremost, is the question (1) whether the motion for return of property accurately alleges that government agents in seizing the property displayed a callous disregard for the constitutional rights of the taxpayer. Other factors to be considered are: (2) whether the plaintiff has an individual interest in and need for the material whose return he seeks; (3) whether the plaintiff would be irreparably injured by denial of the return of the property; and (4) whether the plaintiff has an adequate remedy at law for the redress of his grievance.[14]

---

[6] *See Moats*, Dkt. No. 22 at 1.
[7] Dkt. No. 1 at 1.
[8] Dkt. No. 1.
[9] *Id.* at 3.
[10] *Serrano v. U.S. Customs & Border Prot.*, 975 F.3d 488, 499 (5th Cir. 2020) (per curiam), *cert. denied*, 209 L. Ed. 2d 546 (Apr. 19, 2021).
[11] *Hunsucker v. Phinney*, 497 F.2d 29, 34 (5th Cir. 1974).
[12] *Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *11–12 (S.D. Fla. July 23, 2013) (quoting *Hunsucker*, 497 F.2d at 33).
[13] *Baldwin Metals Co. v. Donovan*, 642 F.2d 768, 775 (5th Cir. Unit A Apr. 1981).
[14] *Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975) (cleaned up).

In this case, the *Hunsucker* criteria counsel against this Court retaining equitable jurisdiction over this action. The first question is whether Plaintiff's motion *accurately* alleges that government agents displayed callous disregard for Plaintiff's constitutional rights. Included among Plaintiff's exhibits is an e-mail discussion between Plaintiff's and Defendant's respective counsel discussing this topic. In that discussion, Defendant's counsel explains that Defendant is "carefully investigating" Plaintiff's claim to "very valuable" property, is aware of a "commingling problem" that Plaintiff allegedly admitted to Defendant's personnel that casts Plaintiff's sole ownership over the property at issue into doubt, and that, because Plaintiff is asserting ownership over property "that is not located in a residence or building owned by him, it is not unreasonable to require Mr. Moats to establish his rightful ownership of that property."[15] The attorneys cannot agree on whether the existing evidence establishes Plaintiff's ownership (for example, the attorneys dispute whether a check that paid for some of the property was paid with "commingled" funds), so Defendant's counsel explains that the NCUAB will continue to "methodically" do its job as conservator and continue to investigate Plaintiff's ownership and alleged commingling of funds problem.[16]

In light of the available facts, the Court does not find that Plaintiff's motion accurately alleges government agents' callous disregard of Plaintiff's constitutional rights. Instead, Defendant's counsel explained a rational predicate for retaining Plaintiff's property—investigating its proper ownership before returning it to a claimant—and assured Plaintiff's counsel that the artwork remains hanging inside the Edinburg Teachers Credit Union and is being "safely maintained."[17] The Court acknowledges Plaintiff's assertion that "[t]he Fourth and Fifth

---

[15] Dkt. No. 1-4 at 1–4.
[16] *Id.*
[17] *Id.*

Amendment do not permit an executive agency to unilaterally seize property without a warrant or probable cause and hold it indefinitely for 'investigation.' The Fourth and Fifth Amendment instead require that Mr. Moats's property be returned to him."[18] However, Plaintiff cites no authority for this proposition, and the Court recognizes that the conservatorship was only in place for about six months before Plaintiff's motion, i.e., Plaintiff's property is not being indefinitely detained. Although this case might be different if government agents seized property in Plaintiff's home, the Court credits Defendant's explanation that, "[b]ecause Mr. Moats is asserting ownership over 'very valuable' artwork that is not located in a residence or building owned by him, it is not unreasonable to require Mr. Moats to establish his rightful ownership of that property."[19] The Court does not find a callous disregard for Plaintiff's constitutional rights.

The remaining *Hunsucker* criteria do not weigh in Plaintiff's favor. The second criterion concerns whether Plaintiff has a need for the property he seeks. As explained in *Hunsucker*, this need may be when the materials in question are "necessary to conduct a legitimate business or [are] otherwise of substantial value to [the claimant]."[20] Plaintiff does not argue, and the Court does not find, that the property in question is necessary for a business purpose. However, the second criterion does favor Plaintiff in that Plaintiff places substantial value in the property.[21] Nevertheless, the third and fourth criteria, which concern the nature of the property and the injury for its deprivation, do not favor Plaintiff. Plaintiff himself appears to believe that a suit for conversion is an adequate remedy at law.[22] Furthermore, a successful conversion suit that

---

[18] Dkt. No. 1 at 5.
[19] Dkt. No. 1-4 at 4.
[20] *Hunsucker v. Phinney*, 497 F.2d 29, 35 (5th Cir. 1974) (citing *Eastus v. Bradshaw*, 94 F.2d 788 (5th Cir. 1938)).
[21] *See Eastus*, 94 F.2d at 789 ("The bulk of the contention is over Bradshaw's sworn testimony, and he never owned even the paper on which it is written. The case is not one in which valuable books, private papers, liquors, or the like have been unlawfully seized and are sued for . . . ."), *cited in Hunsucker*, 497 F.2d at 35.
[22] *See* Dkt. No. 1 at 2 & n.1 ("Initially, Mr. Moats believed it was the Credit Union that was refusing to his return his property, so he sued the Credit Union for conversion, among other things.").

compensates Plaintiff for the value of the property he lost would demonstrate that Plaintiff's deprivation injury is not irreparable. Indeed, weighing against the Court's exercise of equitable jurisdiction in this case (and the avoidance of piecemeal litigation) is the fact that Plaintiff is already pursuing a conversion remedy in the United States District Court for the Western District of Texas.[23]

In conclusion, given that Plaintiff only seeks to invoke this Court's equity jurisdiction under Federal Rule of Criminal Procedure 41(g), but three of the four principles of equity jurisdiction outlined by the Fifth Circuit in *Hunsucker*, including the foremost principle, weigh against this Court's exercise of such jurisdiction, the Court declines to exercise its jurisdiction in this case. However, in the interest of justice and in lieu of dismissal, the Court **TRANSFERS** Plaintiff's motion to return property to *Moats v. Edinburg Teachers Credit Union*, No. 1:21-cv-496-LY (W.D. Tex. 2021) (Yeakel, J.), in which Plaintiff will have to determine which remedy he seeks with respect to the property allegedly converted. This case is terminated before United States District Judge Micaela Alvarez and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 1st day of October 2021.

                                      Micaela Alvarez
                                   United States District Judge

---

[23] Dkt. No. 1 at 2 n.1.